## Case No. 24-4737

# UNITED STATES COURT OF APPEALS

# FOR THE NINTH CIRCUIT

MG PREMIUM LTD, a limited liability

company organized under the laws of

the Republic of Cyprus,

                  Plaintiff/Counter-

Defendant-Appellee,

v.

AMRIT KUMAR, DBA Goodporn.to,

                  Defendant/Counter-

Claimant-Appellant.

D.C No.: 2:21-cv-08533-MCS-SPx

**DEFENDANT-APPELLANT AMRIT KUMAR'S REPLY IN SUPPORT OF MOTION TO PROCEED IN FORMA PAUPERIS ON APPEAL**

Amrit Kumar

601 6th Floor, Rupa Solitare

Millennium Business Park, Plot No. A-1

Mahape, Mumbai

Maharashtra-400710, India

Email: amritkum@proton.me

Defendant/Counter-Claimant-Appellant pro se

1

Defendant/Counter-Claimant-Appellant Amrit Kumar ("Kumar"), appearing pro se, hereby submits this reply in support of his motion to proceed in forma pauperis on appeal:

## I. APPELLEE'S RESPONSE IS UNTIMELY AND SHOULD BE STRICKEN

Appellee's response to Kumar's motion to proceed in forma pauperis is untimely and should be stricken in its entirety. Pursuant to Federal Rule of Appellate Procedure 27(a)(3)(A), any response to a motion must be filed within 10 days after service of the motion. Kumar filed his motion with the district court on August 16, 2024, and served the appellee with copies on the same date. The motion was forwarded to this Court and appeared on the docket on August 22, 2024 (Ninth Circuit Docket No. 3).

Even if we consider the later date of August 22, 2024, as the filing date, the 10-day deadline for the appellee's response would have been September 1, 2024. The appellee's response was not filed until September 4, 2024, well past the deadline. This late filing violates both the Federal Rules of Appellate Procedure and the local rules of the district court.

The Court should note that on August 16, 2024, the district court initially issued an erroneous Notice to Filer of Deficiencies, stating that the motion should have been filed with the Ninth Circuit. However, on August 22, 2024, the district court acknowledged this error:

"NOTICE OF CLERICAL ERROR: Due to clerical error Re: Notice to Filer of Deficiencies Docket Item 319 was issued in error. Docket item 319 should be disregarded. Motion to Proceed in Forma Pauperis item 318 will be forwarded to the Ninth Circuit Court." (District Court Docket No. 320)

Defendant-Appellant Amrit Kumar's Reply in Support of Motion to Proceed in Forma Pauperis on Appeal

This correction confirms that Kumar's original filing with the district court was proper and timely. Consequently, the appellee's response, filed well after the applicable deadlines, should be stricken in its entirety.

## II. KUMAR'S INABILITY TO PAY IS DUE TO PROCEDURAL BARRIERS, NOT LACK OF FUNDS

Contrary to the appellee's mischaracterization, Kumar has not misrepresented his financial situation or his ability to pay. As clearly stated in the motion to proceed in forma pauperis, Kumar is unable to pay the required appellate filing fee due to procedural barriers, despite having the financial means to do so. Specifically:

1. The court does not accept international credit card payments, which is Kumar's only available method of payment as a resident of India.

2. Kumar has made multiple attempts to pay the fee by credit card, as instructed on the Court's website, but has been unsuccessful due to the Court's inability to process these payments.

3. On January 16, 2024, the Court confirmed in a prior order (District Court Docket No. 272) that "the Court lacks the capacity to accept Defendant's payment of the appeal fee by credit card."

4. Kumar requested access to CM/ECF to potentially pay the fee through that system, but his request was denied (District Court Docket No. 308).

5. Kumar has no other viable method to remit payment to the Court.

It is important to note that Kumar has demonstrated his willingness and ability to pay when the payment system allows it. For example, Kumar paid the transcript fee to the court reporter because they accept credit card payments. If the

Defendant-Appellant Amrit Kumar's Reply in Support of Motion to Proceed in Forma Pauperis on Appeal

court could accept credit card payments, Kumar would be able to pay the appellate filing fee.

## III. THE DISTRICT COURT'S ERRORS AND MISTAKES WARRANT APPELLATE REVIEW

The appellee's response fails to address the numerous errors and mistakes made by the district court, which form the basis of Kumar's appeal and demonstrate the need for appellate review. These errors significantly prejudiced Kumar's ability to present his case and raise serious due process concerns. Some of the most egregious errors include:

1. Improper Striking of Kumar's Opposition:

The district court erroneously struck Kumar's timely-filed opposition to appellee's motion for default judgment, severely prejudicing Kumar's defense. The timeline clearly demonstrates the court's error:

a. appellee filed its Motion for Default Judgment on December 11, 2023 (D.C. Dkt. 248)

b. The hearing date was set for January 8, 2024

c. Kumar filed his opposition on December 18, 2023 (D.C. Dkt. 258)

Per Local Rule 7-9, the opposition was due 21 days before the hearing date, which was December 18, 2023. Kumar filed his opposition on the deadline, yet the Court erroneously deemed it untimely and struck it from the record.

This error had severe consequences for Kumar's defense, as it prevented the Court from considering his substantive arguments against default judgment. The Ninth Circuit has emphasized that "due process requires, at a minimum, that absent a countervailing state interest of overriding significance, persons forced to settle their claims of right and duty through the judicial process must be given a

Defendant-Appellant Amrit Kumar's Reply in Support of Motion to Proceed in Forma Pauperis on Appeal

meaningful opportunity to be heard." Boddie v. Connecticut, 401 U.S. 371, 377 (1971).

This error alone presents a substantial question for appeal and demonstrates a likelihood of success in overturning the default judgment.

2. Failure to Properly Process and Docket Kumar's Filings:

Throughout the proceedings, the district court failed to properly process and docket several of Kumar's filings, resulting in missed deadlines and lost documents. For example:

a. The Schedule worksheet and joint Rule 26(f) Report submitted by Kumar via EDSS (Tracking Numbers: EDS-230214-000-6865 and EDS-230708-000-8283) never appeared on the docket, despite confirmation from EDSS support that the files had been received and forwarded.

b. The court initially failed to consider Kumar's timely-filed objections to the Magistrate Judge's Report and Recommendation, erroneously stating that Kumar had not filed any objections within the permitted time. (D.C. Dkt. 261)

3. Inconsistent Application of Procedural Rules:

The district court applied procedural rules inconsistently, holding Kumar to strict standards while overlooking significant violations by the appellee. For instance, the appellee's motion for default judgment was not served within the timeframe required by Local Rule 6-1, yet the court allowed the motion to proceed without consequence.

4. Failure to Accommodate Pro Se Litigant:

As a pro se defendant located outside the United States, Kumar faced unique challenges in participating in the proceedings. The district court failed to adequately accommodate these circumstances, particularly regarding the Final Pretrial Conference and depositions. Despite Kumar's repeated requests for remote

Defendant-Appellant Amrit Kumar's Reply in Support of Motion to Proceed in Forma Pauperis on Appeal

participation options and explanations of his visa restrictions, the court did not make reasonable accommodations.

5. Overbroad Injunctive Relief:

The district court issued an injunction that goes far beyond the specific works at issue in this case, potentially covering any claimed copyrights or trademarks of the appellee. This overbreadth raises serious questions about the proper scope of relief in copyright cases and warrants appellate review.

These errors and mistakes by the district court demonstrate that Kumar's appeal is not frivolous and is taken in good faith. They present substantial legal questions that warrant careful consideration by this Court. The cumulative effect of these errors has deprived Kumar of his due process rights and a fair opportunity to present his case.

6. Failure to Properly Consider the Bilateral Agreement:

Perhaps the most critical error made by the district court was its dismissal of Kumar's evidence regarding a bilateral agreement that granted him rights to the content at issue. This agreement, if found valid, would fundamentally alter the entire basis of this case and potentially make the appellee the infringing party rather than Kumar.

Kumar has consistently maintained the existence and validity of this agreement throughout the proceedings. As stated in Kumar's Ex Parte Motion for Reconsideration of Summary Judgment Order (Dkt. 208, p. 9):

"The bilateral agreement between the defendant and the plaintiff is genuine, as demonstrated in the court papers. Amrit Kumar has submitted this agreement multiple times and asserts that there have been no alterations or manipulations made to the content of this document. Any discrepancies, including changes in the

Defendant-Appellant Amrit Kumar's Reply in Support of Motion to Proceed in Forma Pauperis on Appeal

text on pages, are attributed to errors made by court staff or glitches in the court's software."

The district court's failure to properly consider this evidence raises serious due process concerns and presents a significant issue for appeal. If the bilateral agreement is found to be valid on appeal, it would not only undermine the basis for the current judgment but could potentially render all awards and injunctions granted to the appellee moot.

Furthermore, Kumar provided additional evidence supporting the legitimacy of the bilateral agreement, including recovered chat logs with Mr. Feras Antoon, which were not available earlier in the proceedings. Despite the significance of this new evidence, the district court failed to adequately consider it. (Dkt. 208, p. 11-13)

The potential validity of the bilateral agreement casts significant doubt on the entire basis of the judgment against Kumar. This issue alone presents a strong likelihood of success on appeal and warrants careful consideration by this Court.

7. Appellee's Mischaracterization of Deposition Attendance:

The appellee's response brings up irrelevant matters and mischaracterizes Kumar's participation in the proceedings. Contrary to the appellee's assertions, Kumar attended all deposition sessions as scheduled. The technical difficulties experienced were not due to Kumar's actions, but rather the appellee's deliberate choice of an incompetent deposition service provider.

Specifically, the appellee purposefully chose a company with a 1-star rating on Yelp and numerous negative reviews for conducting depositions. This company had little to no experience in handling international depositions. Even more egregiously, after experiencing technical difficulties during the first attempt, the

7

appellee inexplicably chose the same inadequate company for subsequent deposition sessions.

Kumar raised these issues in his Opposition to Plaintiff's Motion for Default Judgment (D.C. Dkt. 258, p. 3):

"Amrit Kumar has made every effort to attend each deposition in accordance with court orders, demonstrating a consistent commitment to the legal process. This dedication is meticulously chronicled in the objection report submitted on November 20, 2023 (Document No. 232). Despite these efforts, Kumar faced significant obstacles due to the appellee's insistence on employing Veritext, a company with a notably poor reputation, as evidenced by a 1-star rating on Yelp [refer to Exhibit K]. The failure of Veritext to offer adequate technical support—relying solely on Zoom software without owning or understanding the underlying technology—has severely hindered the deposition process."

The district court's failure to consider these circumstances and instead penalize Kumar for the appellee's poor choices raises serious questions about the fairness of the proceedings.

8. Improper Striking of Kumar's Defenses:

Many of Kumar's well-reasoned defenses and filings were stricken for procedural reasons rather than on their merits. Importantly, several of these procedural issues were due to errors and mistakes by the court itself, not Kumar's actions. This approach is particularly problematic given Kumar's status as a pro se litigant.

The Supreme Court has long held that pro se pleadings should be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). The Ninth Circuit has emphasized that district courts have a responsibility to inform pro se litigants of any deficiencies in their

Defendant-Appellant Amrit Kumar's Reply in Support of Motion to Proceed in Forma Pauperis on Appeal

proof and to provide them with an opportunity to correct those deficiencies before ruling against them. This ensures that pro se litigants do not lose their right to a fair hearing on the merits of their claims simply because they lack knowledge of technical procedural requirements. Waters v. Young, 100 F.3d 1437, 1441 (9th Cir. 1996).

The district court's failure to apply this standard to Kumar's filings, combined with its own errors in processing and considering Kumar's submissions, raises significant due process concerns that warrant appellate review.

9. DMCA Safe Harbor Considerations:

The district court did not sufficiently assess Kumar's potential eligibility for DMCA safe harbor protection as a service provider. Kumar has registered a DMCA agent with the Copyright Office, enforces a repeat infringer policy, and provides a clear takedown procedure on his website, similar to the practices of other major service providers. The failure of the district court to properly evaluate Kumar's compliance with these provisions raises a significant legal issue for appeal.

## IV. CONCLUSION

The cumulative effect of the district court's errors has deprived Kumar of his due process rights and a fair opportunity to present his case. These errors, combined with the potential validity of the bilateral agreement, raise substantial legal questions that merit appellate review.

It would be fundamentally unjust for Kumar to lose everything he has built simply because the court cannot accept international credit card payments for the filing fee. The issues at stake are too significant, and the potential for injustice too great, to allow procedural barriers to prevent a full and fair review of this case on appeal.

9

Defendant-Appellant Amrit Kumar's Reply in Support of Motion to Proceed in Forma Pauperis on Appeal

Moreover, denying Kumar's motion to proceed in forma pauperis could set a dangerous precedent, effectively barring international pro se litigants from accessing the appellate process due to technical payment processing limitations. This would run counter to the fundamental principle of access to justice that underpins the American legal system.

For these reasons, Kumar's motion to proceed in forma pauperis should be granted. The Court should not allow procedural technicalities to obstruct the pursuit of justice, especially when there are serious questions about the fairness and accuracy of the proceedings below.

For the foregoing reasons, Kumar respectfully requests that the Court:

1. Strike the appellee's untimely response;

2. Grant Kumar's motion to proceed in forma pauperis on appeal;

3. Recognize the substantial legal questions raised by the district court's errors; and

4. Provide any further relief that the Court deems just and proper.


Dated: September 9, 2024


Respectfully submitted,


/s/ Amrit Kumar

Amrit Kumar

Defendant/Counter-Claimant-Appellant Pro Se

Defendant-Appellant Amrit Kumar's Reply in Support of Motion to Proceed in Forma Pauperis on Appeal

## DECLARATION

I declare under penalty of perjury under the laws of the United States of America that the foregoing responses are true and correct to the best of my knowledge and belief.

Dated: September 9, 2024

/s/ Amrit Kumar

AMRIT KUMAR

## CERTIFICATE OF SERVICE

I hereby certify that on 09/09/2024, this document was electronically filed with the Ninth Circuit Court of Appeals, and in addition, I sent copies of the foregoing document to all parties involved in this appeal at the following addresses:

KARISH & BJORUGM, PC
A. ERIC BJORGUM
Eric.bjorgum@kb-ip.com
MARC KARISH
Marc.karish@kb-ip.com
119 E. Union Street, Suite B
Pasadena, CA 91103

Dated: September 09, 2024

/s/ Amrit Kumar

AMRIT KUMAR

601 6th Floor, Rupa Solitare

11

Defendant-Appellant Amrit Kumar's Reply in Support of Motion to Proceed in Forma Pauperis on Appeal

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Millennium Business Park, Plot No. A-1

Mahape, Mumbai

Maharashtra-400710, India

Email: amritkum@proton.me

Defendant-Appellant Amrit Kumar's Reply in Support of Motion to Proceed in Forma Pauperis on Appeal